UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRIENDS OF THE RIVER**,<br>Plaintiff,<br>v.<br>**UNITED STATES ARMY CORPS OF ENGINEERS, ET AL.**,<br>Defendants. | Case No. 16-cv-05052-YGR<br><br>**ORDER GRANTING IN PART MOTION OF DEFENDANT UNITED STATES ARMY CORPS OF ENGINEERS AND TRANSFERRING FOR IMPROPER VENUE**<br><br>Re: Dkt. No. 12 |

Plaintiff Friends of the River brings the instant complaint alleging claims under the Freedom of Information Act ("FOIA"). Plaintiff alleges that defendants Army Corps of Engineers and Lieutenant General Todd T. Semonite (collectively "the Corps") conducted an inadequate search for, and improperly withheld, records plaintiff is seeking pursuant to four separate FOIA requests made between April and June 2016 ("FOIAs 1-4"). Plaintiff seeks declaratory and injunctive relief to compel the Corps to perform reasonable searches, promptly produce improperly withheld records, and cease its patterns and practices that violate FOIA. Defendants have filed a Motion to Dismiss for Improper Venue or, Alternatively, to Transfer Venue, and include therein a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) with respect to the claims against individual defendant Lieutenant General Todd T. Semonite.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion to Transfer for Improper Venue.[1] The case shall be transferred to the District of Columbia. The request to dismiss is **DENIED**. In light of this ruling, the Court does not address defendants' motion to dismiss claims against individual defendant Lieutenant General Todd T. Semonite.

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument.

**STANDARD APPLICABLE TO THE MOTION**

Failure to file in a proper venue may be raised by motion pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. When considering a motion to dismiss pursuant to Rule 12(b)(3), a court need not accept the pleadings as true and may consider facts outside of the pleadings. *See Murphy v. Schneider National, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004); *Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 324 (9th Cir.1996). Once the defendant has challenged the propriety of venue in the district, the plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir. 1979). Facts supporting venue may be shown by declaration, affidavit, or other evidence. *Ziegler Chemical and Mineral Corp. v. Standard Oil Company*, 32 F.R.D. 241, 243 (N.D. Cal. 1962). Pursuant to 28 U.S.C. § 1406(a), if the court determines that venue is improper, the court must either dismiss the action or, if it is in the interest of justice, transfer the case to a district or division in which it could have been brought. Whether to dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. *See King v. Russell,* 963 F.2d 1301, 1304 (9th Cir.1992).

**DISCUSSION**

**I.    Improper Venue**

This case arises out of four FOIA requests plaintiff submitted to the Corps' office in Sacramento, seeking documents related to the Corps' operation and maintenance of two dams on the Yuba River that adversely impact spring run Chinook salmon, steelhead trout, and green sturgeon, which are listed as threatened species under the Endangered Species Act. (Dkt. No. 1 at ¶ 1.) Plaintiff is also currently litigating an Endangered Species Act case against the Corps, and other defendants, related to the Corps' operation and maintenance of the two Yuba River dams in the Eastern District of California in *Friends of the River v. National Marine Fisheries Service*, *et al.*, Case No. 2:16-cv-00818-JAM-EFB.

To determine whether venue is proper, courts look to the venue provisions of 28 U.S.C. § 1391 unless the statute in question has a special venue provision. *See Johnson v. Payless Drug Stores Northwest, Inc.,* 950 F.2d 586, 587 (9th Cir. 1991) (specific venue provision in statute

applicable to particular case takes precedence over general venue rule). Here, plaintiff brings claims under FOIA, which has its own venue provision. FOIA provides for venue in either: (1) the judicial district where the plaintiff resides or has her principal place of business, (2) the judicial district where the agency records are situated, or (3) the District of Columbia. 5 U.S.C. § 552(a)(4)(B).

With respect to venue, plaintiff's complaint alleges:

> Venue in the United States District Court for the Northern District of California is proper under 5 U.S.C. § 552(a)(4)(B) because many of the records sought by the Plaintiff are likely situated in the Corps' South Pacific Division and San Francisco District offices located at 1455 Market St., San Francisco, California. There is no single United States District where all the records sought by the Plaintiff are likely situated, as various Corps' Division and District offices located throughout the United States, (including California, Oregon, Washington, New Mexico, Maine, New Hampshire, Massachusetts, Connecticut, New York, Pennsylvania, Maryland, and Delaware) as well as Corps headquarters in Washington D.C. may likely have responsive records. Of all the locations where venue would lie under 5 U.S.C. § 552(a)(4)(B), venue is most appropriate in the Northern District of California because Plaintiff's counsel is located in San Francisco and litigating the action in San Francisco will avoid the expense of having Plaintiff's counsel travel to a distant court and thus reduce the burdens and costs of litigation to Plaintiff, which is a nonprofit public interest organization with limited means.

(Dkt. No. 1 at ¶ 4.)

In support of its argument that responsive records are located in this District, plaintiff presents evidence that documents responsive to a past search in another FOIA request concerning topics similar to those in two of the four FOIA requests at issue in this case (FOIAs 1 and 3) included records located in this District. (*See* Dkt. No. 14 at 6-7.) Plaintiff also argues that venue is proper in this District for the other two FOIA requests at issue (FOIAs 2 and 4) because FOIA 2 concerns biological opinions issued to the Corps for projects in the entire state of California, which necessarily includes this District, and because at least some of the facilities listed in FOIA 4 fall within this District.[2] (*See id*. at 7-8.) Plaintiff notes that, at a minimum, the Corps' San Francisco offices would have received copies of a legal memorandum, which it contends is

---

[2] In its reply brief, defendants note that just 2 of the 302 facilities at issue in FOIA 3 fall within this District. (Dkt. No. 16 at 3.)

3

responsive to FOIA 4, issued by Corps Headquarters to all Corps Division and District offices across the country. (*See id* at 7.)

Little case law exists on this issue of whether the mere possibility that requested documents may be located in a district is sufficient to show proper venue. That which does suggests that venue is not proper. *See*, *e.g.*, *Rosiere v. Hawaii*, 2016 WL 3408848, at *2 (D. Hawaii June 1, 2016) (where responsive FOIA documents located in multiple districts, venue is appropriate where plaintiff resides, in Washington, DC, or in separate actions in *each* of the districts where the documents at issue were located); *O'Neill v. United States*, 2007 WL 983143, at *7 (E.D. Wisc. March 26, 2007) (finding that, unless waived as a defense, venue for three FOIA documents located in Chicago would not be proper in the Eastern District of Wisconsin, even though the fourth requested document was located in the Eastern District of Wisconsin). Plaintiff provides no authority to the contrary.

Here, it is undisputed that a significant portion of the responsive documents are actually located in another district. Moreover, defendant has also provided evidence specifically stating that the responsive documents are, in fact, *entirely* located in that other district (as to FOIAs 1 and 3) or that "there is no reasonable expectation that relevant agency records would be maintained" by the Corps offices located in this District (as to FOIAs 2 and 4). (*See* Dkt. No. 12-1 at ¶¶ 7-8.) Plaintiff's claim that venue would be proper in every federal judicial district where a Corps' office is located because all offices allegedly received the same legal memorandum that it contends is responsive to one of its FOIA requests is not supported with any legal authority. Nor does the plain language of the FOIA venue statute support such an interpretation.

Accordingly, the Court finds that venue in this case is not proper in the Northern District of California.

## II. Dismissal versus Transfer

Under 28 U.S.C. § 1406(a), if a case is filed in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." A court should examine a plaintiff's claim to determine whether the interest of justice requires transfer instead of dismissal. *See, e.g., King*, 963 F.2d at 1304-05. "Normally

transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *Baeta v. Sonchik*, 273 F.3d 1261, 1264 (9th Cir. 2001) (citations and internal quotation marks omitted).

Plaintiff argues that dismissal would prejudice its case because it would cause further delay in resolving FOIA requests that are already months overdue. (Dkt. No. 14 at 11-12.) In addition, because Friends of the River is a nonprofit organization with a limited budget, plaintiff argues that re-filing will require it to pay additional fees and costs that would be a burden that could be avoided if the case was transferred rather than dismissed. (*Id.* at 12.) Finally, plaintiff states that it had a good faith and reasonable belief that venue was proper in the Northern District. (*Id.*)

The Court is persuaded by plaintiff's arguments and finds that that the interest of justice dictates that this case be transferred rather than dismissed. Plaintiff has specifically requested that the case be transferred to the District of Columbia, which Congress has expressly established as a place of proper venue for all FOIA cases, regardless of where the records at issue are located. *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983). Defendant also agreed that, if the Court granted a transfer, the District of Columbia would be an appropriate forum. (*See* Dkt. No. 16 at 6.) Thus, the Court will transfer the case to the District of Columbia.

## CONCLUSION

In conclusion, the Court finds plaintiff has not alleged or offered facts to show that venue is proper in the Northern District of California. However, the interest of justice requires that the case be transferred rather than dismissed. Accordingly, the Motion to Transfer Venue is **GRANTED**. The clerk of court shall transfer this case to the District of Columbia. Given the lack of jurisdiction, the Court declines to rule on the motion to dismiss.

This order terminates Docket No. 12.

**IT IS SO ORDERED.**

Dated: November 22, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**